# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | CASE NO. 1:21-cv-00197 |
| Plaintiff, | : | Judge Michael R. Barrett |
| vs. | : | |
| AFTAB PUREVAL, in his official capacity as Clerk of the Hamilton County Court of Common Pleas | : | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendant. | : | |

Now comes Defendant, Aftab Pureval, Hamilton County Clerk of Courts (hereinafter Defendant), in all capacities sued, by and through counsel, and hereby respectfully submits his reply memorandum in support of his motion to dismiss. A memorandum in support follows hereinafter.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Michael J. Friedmann*
Pamela J. Sears, 0012552
Michael Friedmann, 0090999
Christopher Sawyer, 0097702
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3082 Sears
(513) 946-3197 Friedmann
(513) 946-3115 Sawyer
 (513) 946-3018 fax
Pam.Sears@hcpros.org
Michael.Friedmann@hcpros.org
Christopher.Sawyer@hcpros.org
*Trial Attorneys for Defendant*

1

## MEMORANDUM OF LAW

**I.     The principles of comity and federalism support abstention.**

The Plaintiff goes to great lengths to convince this Court that abstention is inappropriate because the Plaintiff believes that the Seventh Circuit Court of Appeals misapplied the law in the *Brown* case. However, the Seventh Circuit correctly applied the law, and this Court should follow the Seventh Circuit's decision in *Brown* and abstain from hearing this case.

The present case and *Brown* have nearly identical fact patterns, and *Brown* has not been overturned. *Courthouse News Service v. Brown*, 908 F.3d 1063 (7th Cir. 2018). Additionally, there is no binding precedent on this Court that would make *Brown* clearly inapplicable. The Plaintiff's true contention with *Brown* is that the Seventh Circuit's ruling, if accepted by this Court, would support abstention and prove fatal to their case.

In its response, the Plaintiff examines the case law that *Brown* relied upon and picks out reasons why the abstention doctrines should not be followed. However, the Plaintiff seems to disregard the legal rationale that underpins the Seventh Circuit's decision to abstain: concerns of federalism and comity. *Id.* at 1075. Comity is a primary reason for restraint in federal court actions that would interfere with state courts. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 599-603, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Trainor v. Hernandez*, 431 U.S. 434, 441, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Moore v. Sims*, 442 U.S. 415, 430, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). "State courts have a significant interest in running their own clerks' offices and setting their own filing procedures." *Brown*, 904 F.3d at 1071.

The present case presents a situation where the Plaintiff is asking this Court to intrude upon the processes of state courts in Ohio before those state courts have had the opportunity to

examine the issues. The Seventh Circuit recognized this threat to judicial harmony and reasoned that "the state courts deserve the first opportunity to hear such a constitutional challenge to their internal procedures." *Brown*, 908 F.3d at 1070. The Plaintiff believes that this Court has the *obligation* to hear this case. This is simply not true. A federal court "may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts[.]" *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). This Court has the authority to abstain. And that abstention is appropriate where "denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Brown*, 908 F.3d at 1071(quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)).

The relationship between the state and federal courts is an important interest. And preserving that relationship, as well as preserving the right of state courts to set their own rules, is a valid justification for abstention in the present case. Importantly, this is not a permanent bar. As the Seventh Circuit made clear, the Plaintiff is free to bring the issue before the state courts to determine what timing is appropriate based on the Constitutional rights of the public. *Brown*, 908 F.3d at 1071. And if the state courts are unwilling to handle this issue, the Plaintiff can then seek relief from the federal courts. *Id.*

The Plaintiff also contends that this Court issuing the requested injunction would not serve as a continuing audit of state courts; however that is exactly what this ruling would do. And the Seventh Circuit, in disagreeing with their colleagues on the Ninth Circuit, directly addressed this point and found that granting the type of relief that the Plaintiff has requested would result in the federal courts continual involvement in the operation of state courts. *Id.* at 1074-1075. If this Court were to issue a ruling that the Defendant must provide immediate

3

access to electronically filed documents, the ruling would be used by Plaintiff to force every state court within this Court's jurisdiction to follow suit. Any court that does not currently have a rule, or decides to change their rules regarding public access to electronically filed documents would have to clear those changes with this court; otherwise they would face a similar lawsuit. A ruling by this Court would create the guidelines for all state courts within the jurisdiction to follow. Any deviation could result in a lawsuit, bringing the issue back before this court.

There is no bright-line rule when it comes to access to court documents. It is a question of degree and timing that will be influenced by the needs and capabilities of the local courts. The rules committees in the state courts that actually draft the rules are more appropriately equipped to tailor the rules in a manner that is constitutionally valid while weighing the local court interests. This Court should not be forced into a situation where it is constantly asked to review the local rules of state courts. This is a task that is more appropriate for the state courts to decide.

The Seventh Circuit also raised an interesting issue, although it was not the basis of their holding, relating to the difference between state and federal rules. The Seventh Circuit noted an apparent hypocrisy with ordering an Illinois state court to abide by certain rules that the United States Supreme Court does not follow:

> Neither the Court of Appeals for the Seventh Circuit nor the Supreme Court of the United States provides the press with this sort of instant access to court filings. Instead, in our court and apparently in the Supreme Court as well, the clerks' offices undertake certain administrative processing before a filing is made publicly available, giving our practices a similarity to the practices in state court challenged in this case. That fact would make it unusual, and perhaps even hypocritical, for us to order a state court clerk to provide such instant access on the basis of the same Constitution that applies to federal courts.

*Brown*, 908 F.3d at 1065(footnote omitted).

In the footnote, the Seventh Circuit cited to the United States Supreme Court's "Guidelines for the Submission of Documents to the Supreme Court's Electronic Filing System," and quoted the language from Section 10(a) of that Guideline regarding "Posting of Documents," which states that "[f]ilings that initiate a new case at the Supreme Court will be posted on the Court's website only after the Clerk's Office has received and reviewed the paper version of the filing, determined that it should be accepted for filing, and assigned a case number." *Id.* at footnote 1 (citing https://www.supremecourt.gov/filingandrules/ElectronicFilingGuidelines.pdf).

It would appear from these guidelines that the United States Supreme Court also requires some processing before filed documents are publicly available on their website. In fact, the United States Supreme Court apparently requires an even longer delay than the Hamilton County Courts, as the Supreme Court clerks must review the paper version before the electronically filed document may be posted. The Seventh Circuit noted this discrepancy, and rightfully decided that it would be potentially hypocritical to find that a state court is violating the Constitution by maintaining a process that was similar to the United States Supreme Court. *Id.* at 1065.

The relationship between the state and federal courts is an important and valuable relationship. The principles of federalism and comity are essential to the judicial branch of our government. This is the foundation for the Seventh Circuit's decision in *Brown*, and that cannot be discounted simply because it does not suit the Plaintiff's case. This Court should follow the Seventh Circuit's decision in *Brown* and abstain from this case.

**II.     The Defendant is following the Court's Local Rules.**

It is unclear from the Plaintiff's Response what exact access would be acceptable to the Plaintiff. The Plaintiff states in their complaint that they request "on-receipt access" to new

5

civil complaints. [*Complaint*, Doc. 1, PAGEID 3]. However, in its Response, the Plaintiff states that they seek "timely access to publicly e-filed court complaints, comparable to the timely access news reporters had to paper filed complaints." [*Response*, Doc. 10, PAGID 60]. However, the immediate access that the Plaintiff has requested is not the same as the traditional access that was the standard when all filing was manually paper filed. And in any event, the local rules dictate the process that the Clerk must follow for electronically submitted documents.

Under the Rules of Superintendence, the public is entitled to "court records." Supt. Rule 45(A). However, that right of access is neither immediate nor absolute. Additionally, it is axiomatic that the document must actually be a "court record" in order for the public to have a right to access the records. If an individual submits a complaint to the Clerk electronically (or manually in the traditional paper filed process), that document is not automatically accepted as filed. The Clerk staff have to do an initial review to determine that the document may be filed. This process is clearly laid out in the Local Rules.

Admittedly, the Plaintiff may be confused by the way the word "filing" is used in Rule 34(B)(10); however, reading the Local Rules in their entirety provides clarity. Unfortunately, the Plaintiff reads the Local Rules in a manner that produces an illogical result, as opposed to reading the Local Rules in a manner that is consistent with the common practice. Local Rule 34(B)(10) lays out the process for Filing Acceptance. The Rule clearly states that a document that has been electronically filed with the Clerk may ultimately be rejected. In this context the Rule is referring to documents that are submitted to the Clerk. The documents that are submitted may be accepted or rejected for filing by the Clerk. They must be accepted in order to be filed and become a "court record" that would be available to the public under the Rules of Superintendence.

This process is the same as the traditional process of the hand filer giving the desk clerk their documents for filing. The Plaintiff contends that under the traditional process "[n]ew civil complaints filed in paper form, were provided to the public and news reporters as soon as they were received across the counter, prior to docketing or what is now called 'processing.'" [*Response*, Doc. 10, PAGEID 77]. However, this is jumping a step. Under the traditional hand filing process, an individual who was hand filing the paper documents would bring the documents to the desk clerk, the desk clerk would then review and accept the documents. If there were issues with the documents, the desk clerk would certainly address those issues at that time. If the documents did not conform to all requirements, the documents may have been rejected at the counter. This may seem like one step, but it is actually two-steps. The individual submits the documents, and then they are initially reviewed and accepted or denied; this is the initial "acceptance processing" that is described in Local Rule 34(B)(10).

If the filing is not submitted and accepted, it can never reach the next stage where it is file stamped and made an official part of the court record according to Local Rule 34(B)(11), which states that **"[u]pon successful completion of acceptance processing** by the Clerk of Courts a document filed electronically will be electronically filed stamped." Loc. R. 34(B)(11)(emphasis added). Under the Local Rules, a document must be accepted for filing before it is filed. Yet, the Plaintiff wants access as soon as the individual submits the document to the court. Under the traditional process, this would give the Plaintiff access before the desk clerk. As soon as a document is submitted, the Plaintiff would have access, regardless of whether or not the document is accepted by the Clerk.

If the paper documents that were traditionally submitted were denied and not accepted for filing, the Plaintiff would not be arguing that they were "court records" that they have a right to

7

access. Otherwise, the Plaintiff would be claiming a right to documents that were never filed with the court and were never "court records" as defined in the Rules of Superintendence. This misunderstanding is the issue. There has never been the immediate access that the Plaintiff now requests. There was always an initial brief review and processing before the paper copies were available to the public and press. And this process continues in the digital age.

In the Plaintiff's mind, the Clerk can "process" the document after the Plaintiff is given access. However, this would create an absurd result. What would happen if the Clerk does not accept the document for filing? The Plaintiff will then have a document that is not officially filed with the Clerk and is not a "court record." The filer can always resubmit a rejected filing, but that individual may choose not to refile. If the individual chose not to refile, the Plaintiff would have a document that has not been officially filed with the Court. If the Plaintiff gains access to documents that have not been officially accepted, they may be reporting on lawsuits that are never officially filed; lawsuits that may never exist.

The Local Rules are clear, and the Defendant is simply following those rules; rules that the Defendant is powerless to change. To the extent that there is any confusion over the interpretation of those rules, it is appropriate that the local courts that drafted the rules would be the first to provide clarity on the appropriate interpretation. Yet again, this is another reason why abstention is appropriate in this case, and the case should be dismissed.

### III. CONCLUSION

Accordingly, for the forgoing reasons, Defendant respectfully request Plaintiff's Complaint be dismissed.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Michael J. Friedmann*
Pamela J. Sears, 0012552
Michael Friedmann, 0090999
Christopher Sawyer, 0097702
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
 (513) 946-3082 Sears
 (513) 946-3197 Friedmann
 (513) 946-3115 Sawyer
 (513) 946-3018 fax
Pam.Sears@hcpros.org
Michael.Friedmann@hcpros.org
Christopher.Sawyer@hcpros.org
*Trial Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June, 2021, I filed a true and accurate copy of the foregoing with the CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

                                                          */s/ Michael J. Friedmann*
                                                        Michael J. Friedmann, 0090999
                                                        Assistant Prosecuting Attorney