**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:21-cv-00197 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| PAVAN PARIKH[1], in his official capacity as Clerk of the Hamilton County Court of Common Pleas, | ) ) ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 9). Plaintiff has filed a memorandum in opposition (Doc. 10),[2] to which Defendant has replied (Doc. 11).[3] For the reasons that follow, Defendant's Motion (Doc. 9) will be DENIED.

**I.     Background facts as alleged in the Complaint**

Plaintiff Courthouse News Service ("CNS") is a nationwide news service founded on the principle that traditional news media fail to report news about civil litigation.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Pavan Parikh was substituted for Aftab Pureval after Parikh assumed the office of Hamilton County Court of Common Pleas Clerk of Courts in January 2022. *See* (Doc. 17 and 01/27/2022 Notation Order).

[2] Plaintiff also has filed three Notices of Supplemental Authority (Docs. 12, 16, 18) in support of its memorandum in opposition, which the Court has found helpful.

[3] This matter is also before the Court on Plaintiff's Motion to Leave to File a Sur-Reply (pursuant to S.D. Ohio Civ. R. 7.2(a)(2)) (Doc. 13), which Defendant opposes (Doc. 15). Plaintiff asserts that "good cause" exists to permit additional briefing because Defendant's reply "raises new arguments and factual allegations pertaining to each of the[ ] two grounds for dismissal" and "attempts to blur the lines between the appropriate types of interests for the Court's consideration, the focus of said interests, and who or what maintains said interests." (Doc. 13 PAGEID 113). The Court disagrees with this assessment and, in any event, needs no further argument from Plaintiff to analyze the question presented. Plaintiff's motion (Doc. 13), therefore, is **DENIED**.

1

(Doc. 1 (¶ 12)).  CNS employs approximately 240 people (most of them reporters and editors) that cover trial and appellate courts (both state and federal) in all 50 states.  (*Id.*).

CNS circulates a variety of publications, which include "New Litigation Reports" that summarize "significant" new civil complaints or petitions filed against businesses or public entities.[4]  (*Id.* (¶¶ 19, 22)).  In Ohio, CNS circulates four different New Litigation Reports:  the Cincinnati Report, the Central Ohio Report, the Cleveland State Report, and the Cleveland Federal Report.  (*Id.* (¶ 19)).  The CNS Cincinnati Report provides coverage of new civil litigation throughout the southern third of Ohio (including Hamilton and Montgomery counties) and in Boone, Campbell, and Kenton counties in Northern Kentucky.  (*Id.*).[5]

CNS began covering Ohio courts in 2003—in the paper era—when both state and federal courts gave the press immediate access to newly-filed civil complaints.  (*Id.* (¶ 25)).  As soon as a new complaint "crossed the counter" for filing, the intake clerk would place a copy of it in a black, plastic tray for public (and press) review before it was docketed.  (*Id.* (¶ 26)).  Now, though, when new complaints are electronically filed, the Clerk for the Hamilton County Court of Common Pleas does not allow public (and press)

---

[4] CNS reporters do not cover family law matters, name changes, probate filings, mortgage foreclosures or collection actions against individuals unless the individual is famous (or notorious). (Doc. 1 (¶ 23)).  Nor does CNS seek review of new civil complaints that are sealed or confidential (by statute).  (*Id.* (¶ 24)).

[5] CNS also publishes *The Daily Brief*, which covers published appellate rulings made by state and federal courts as well as "significant" rulings by federal district courts.  (Doc. 1 (¶ 19)).  In addition, CNS operates a website (available at www.courthousenews.com) that functions like a print newspaper and features staff-written reports and commentary that rotate on-and-off the page during a 24-hour news cycle.  (*Id.* (¶ 20)).

access until after court staff have docketed (or administratively "processed") them. (*Id.* (¶¶ 26, 27)).[6]

Prior to filing suit, CNS tracked and compiled access data for civil complaints electronically filed in the Hamilton County Court of Common Pleas for the period January 1, 2020 through the end of February 2021. (*Id.* (¶¶ 28, 29)). In this time band, an average of 41% of newly-filed civil complaints were withheld from public (and press) access for at least one court day and approximately 11% were withheld at least two court days. (*Id.* (¶ 29)). CNS claims that the Clerk's "no-access-before-process" policy violates its (and, by extension, its subscribers') right of timely access to public court records as secured by the First Amendment of the United States Constitution. (*Id.* (¶¶ 1, 50)). CNS asks this Court for declaratory and injunctive relief[7] against Pavan Parikh, sued in his official capacity as Clerk of the Hamilton County Court of Common Pleas.[8] (Id. (¶¶ 53, 54)).

In sum, CNS asks this Court to declare the current policy unconstitutional and compel the Clerk to make publicly filed complaints available *before*, not after, the Clerk administratively processes them.

---

[6] CNS explains the Hamilton County Court of Common Pleas' conventional electronic filing ("e-filing") system in this way: "(i) the filer goes through a set of screens online that require a selection of court, case type and the payment of fees; (ii) the filer then sends that information with a PDF document into an e-file manager ('EFM'), sometimes called a 'catcher's mitt'; (iii) the EFM automatically assigns a transaction number and delivers the information and PDF into a clerk review queue; (iv) the documents sit in the review queue while they wait for court staff to process them; and (v) once processed, the documents move to the docket or 'case management system.'" (Doc. 1 (¶ 5)). According to CNS, courts often provide access to the public (and press) when the new complaint is caught by the catcher's mitt, before it is clerically processed. (*Id.* (¶ 26)). This point of access "mirrors the traditional point of access to paper filings"—that is, when they were received but before they were docketed. (*Id.*).

[7] *See* 42 U.S.C. § 1983, 28 U.S.C. § 2201.

[8] CNS also seeks an award of costs and reasonable attorneys' fees. (*Id.* (¶ 55) citing 42 U.S.C. § 1988).

## II. Defendant's Motion to Dismiss

Defendant has moved to dismiss CNS's Complaint pursuant to both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

**Rule 12(b)(1).** Defendant primarily argues for dismissal based on lack of subject-matter jurisdiction[9] pursuant to the *Younger* abstention doctrine[10] and the principles of comity and federalism that underlie *Younger*[11]. He relies on *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 384 (2019).

In *Brown*, CNS sued the Clerk of the Circuit Court of Cook County (Illinois) in federal (rather than state) court. It claimed, as it does here, that the First Amendment required the Clerk to release to the press newly-filed civil complaints "at the moment of receipt by her office—not after processing." 908 F.3d at 1065. CNS moved for a

---

[9] CNS claims that its First Amendment right is being violated by a person acting under color of state law, an allegation undeniably actionable under 42 U.S.C. § 1983. *See Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1070 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 384 (2019). This Court, therefore, does not literally lack subject-matter jurisdiction. *See* 28 U.S.C. § 1331 ("**The district courts shall have original jurisdiction of all civil actions arising under the Constitution**, laws, or treaties **of the United States**.") (emphasis added). Defendant instead argues that this Court should abstain from exercising jurisdiction because Ohio courts have not yet had the opportunity to decide the question presented in this case.

[10] "[A] motion to dismiss grounded on *Younger* [*v. Harris*, 401 U.S. 37 (1971)] abstention is more appropriately grounded in Rule 12(b)(1) than Rule 12(b)(6)." *Doe v. Lee*, No. 3:21-cv-00809, 2022 WL 1164228, at *3 (M.D. Tenn. Apr. 19, 2022). This is because "a court that dismisses a case based on *Younger* abstention has not dismissed under Rule 12(b)(6), because it has not dismissed **on the merits**." *Id.* (citing *Wilkins v. Jakeway*, 183 F.3d 528, 533 (6th Cir. 1999)) (emphasis added); *see Aaron v. O'Connor*, 914 F.3d 1010, 1021 (6th Cir. 2019) (affirming decision to abstain under *Younger* but remanding so district court could amend its order to a dismissal with*out* prejudice).

[11] As the Sixth Circuit has explained: "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger*, 401 U.S. at 40–41). The Supreme Court has limited *Younger* abstention to "three exceptional categories" of cases: (1) "parallel, pending state criminal proceeding[s]"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *New Orleans Pub. Serv., Inc. v. Council of New Orleans ("NOPSI")*, 491 U.S. 350, 368 (1989); *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (citing *NOPSI*).

preliminary injunction "prohibiting the Clerk from processing electronically filed complaints before allowing press access." *Id.* at 1067. The Cook County Clerk argued, as does the Hamilton County Clerk here, that "*Younger* abstention should apply because CNS was asking a federal court for injunctive relief against a state official who was acting pursuant to a state court's standing order . . . that requires her to perform an 'accept/reject' function[.]" *Id.* The district court determined that *Younger* abstention did not apply because there were "no ongoing state judicial proceedings with which CNS's requested injunctive relief might interfere[ ]" and, on the merits, granted the injunction. *Id.* at 1067–68. On appeal, the Seventh Circuit reversed. It conceded that the case did not "fit neatly into the *Younger* doctrine," reasoning instead that it "fits better into the Supreme Court's extension of the *Younger* principles in *O'Shea* [*v. Littleton*, 414 U.S. 488 (1974)] and *Rizzo* [*v. Goode*, 423 U.S. 362 (1976)]." *Id.* at 1072. Ultimately, though, it determined that the district court should have declined to exercise jurisdiction because "[p]roceeding straight to federal court to resolve a dispute with a state court clerk over the timing of access conflicts with **the general principles of federalism, comity, and equity that underlie abstention**." *Id.* at 1071 (emphasis added). The Seventh Circuit reversed the order granting a preliminary injunction and remanded the case to the district court with instructions to dismiss the action without prejudice. *Id.* at 1075.

CNS responds that *Brown*, which does not bind this Court, is an outlier. (Doc. 10 PAGEID 63–73). The undersigned agrees.

The Seventh Circuit itself acknowledged that the Ninth Circuit had reached the opposite conclusion. *Brown*, 908 F.3d at 1074–75 (citing *Courthouse News Serv. v. Planet*, 750 F.3d 776, 793 (9th Cir. 2014) (now "*Planet I*")). *Planet I* found that the

5

requirements of the *O'Shea* doctrine were not satisfied, because "[a]n injunction requiring the Ventura County Superior Court to provide same-day access to filed [ ] civil complaints poses little risk of an 'ongoing federal audit' or 'a major continuing intrusion of the equitable power of the federal courts into the daily conduct of state . . . proceedings.'" 750 F.3d at 792 (quoting *O'Shea*, 414 U.S. at 500).[12]

Since *Brown* the Fourth Circuit has ruled—in a similar delayed-access case—that a district court did not abuse its discretion in denying a motion to abstain. *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 324–25 (4th Cir. 2021) ("[G]iven the lack of any pending state proceeding or the district court's grant of any injunctive relief, *Younger*, *Rizzo*, and *O'Shea* offer the Clerks no assistance."). And the Eighth Circuit just reversed a district court's decision *to* abstain under *Younger*, *O'Shea*, and *Rizzo*. *Courthouse News Serv. v. Gilmer*, No. 21-2632, --- F.4th ---, 2022 WL 4295472, at *4–5 (8th Cir. Sept. 19, 2022).[13] *Younger* was inapplicable, because "[h]ere, all we have is a dispute about who gets to see newly filed petitions and when, and neither is the subject of any pending state-court proceeding." *Id.* at *4. *O'Shea*—worried about "ongoing federal audits" of state-court proceedings—also was inapplicable because "[h]ere, by contrast, there is no risk that a decision in Courthouse News's favor would interrupt any state-court

---

[12] The Ninth Circuit's ruling was limited to whether abstention was warranted: "There may be limitations on the public's right of access to judicial proceedings, and mandating same-day viewing of [ ] civil complaints may be one of them. **We take no position on the ultimate merits of CNS's claims, which the district court has yet to address in the first instance.** But those claims raise novel and important First Amendment questions that the federal courts ought to decide." *Planet I,* 750 F.3d at 792–93 (emphasis added). A merits decision issued years later. *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*").

[13] CNS cited the district court case, *Courthouse News Serv. v. Gilmer*, 543 F.Supp.3d 759 (E.D. Mo. 2021), in its first Notice of Supplemental Authority. (Doc. 12 PAGEID 92 n.2). The *Gilmer* district court noted the circuit split that *Brown* created and chose to adopt the Seventh Circuit's approach. 543 F.Supp.3d at 765–69. The Eighth Circuit did not mention *Brown* in its opinion.

6

proceeding, despite the significant administrative burden it might place on court staff." *Id.* at *4–5. Finally, assuming CNS were to succeed on the merits, Rizzo's "important considerations of federalism" would be accommodated by an award of declaratory (as opposed to injunctive) relief. *Id.* at *5 ("A consistent theme in all the cases we have discussed is a concern about excessive interference by federal courts in state-court business. If Courthouse News eventually prevails on its constitutional claim, declaratory relief would mitigate this concern to some degree by giving Missouri courts 'the widest latitude in the "dispatch of [their] own internal affairs."'" (quoting *Rizzo*, 423 U.S. at 378–79 (quoting *Cafeteria & Rest. Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 896 (1961)))). "As long as there is continuing attention given to these 'delicate issues of federal-state relationships,' the case can move forward." *Id.* (quoting *Rizzo*, 423 U.S. at 380 (quoting *Mayor of Philadelphia v. Educ. Equal. League*, 415 U.S. 605, 615 (1974))).

"[G]enerally federal courts should not abstain from exercising jurisdiction on abstention grounds, for **abstention 'is an extraordinary and narrow exception** to the duty of a District Court to adjudicate a controversy properly before it.'" *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)) (emphasis added). There is no such exception here, however, and the undersigned will not abstain from adjudicating the merits of this case under *Younger*. To this end, the Court adopts in full the reasoning set forth by Judge Walker in a virtually identical case filed in the Northern District of Florida:

> Defendant Forman urges this Court to abstain from adjudicating this case under *Younger* just as the Seventh Circuit did in *Courthouse News Service v. Brown*, 908 F.3d 1063 (7th Cir. 2018), and the United States District Court for the Eastern District of Missouri did in *Courthouse News Service v. Gilmer*, 543 F. Supp. 3d 759 (E.D. Mo.

7

2021). Despite noting that "the case does not fit neatly into the *Younger* doctrine" "because there is no individual, ongoing state proceeding that plaintiffs seek to enjoin," *Gilmer*, 543 F. Supp. 3d at 767 (quoting *Brown*, 908 F.3d at 1072), both courts extended *Younger* abstention in cases nearly identical to the one at bar. In so doing, both courts relied on principles of equity, federalism, and comity, along with the Supreme Court's application of *Younger* in *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), and *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976). *Brown*, 908 F.3d at 1072–75; *Gilmer*, 543 F. Supp. 3d at 766–69.

But in *O'Shea*, the Court applied *Younger* to prevent "an ongoing federal audit of state criminal proceedings," following claims that a municipal court discriminated against African Americans in setting bail and sentencing. 414 U.S. at 500, 94 S. Ct. 669. And in *Rizzo*, the Court reversed an injunction requiring a police department to overhaul its internal disciplinary procedures after minority civilians alleged a pattern of unconstitutional treatment. 423 U.S. at 372–73, 379, 96 S. Ct. 598. These circumstances are not analogous to the instant case, where clerical processing of complaints—divorced from judicial functions—are at issue, and Plaintiff does not seek this Court's supervision over a state agency's internal affairs. Indeed, several other courts have criticized the *Brown* and *Gilmer* courts' reasoning while rejecting *Younger* abstention in similar cases. *See, e.g., Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 n.2 (4th Cir. 2021); *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 n.4 (9th Cir. 2020); *Courthouse News Serv. v. Omundson*, No. 1:21cv305, 2022 WL 1125357, at *7–9 (D. Idaho Apr. 14, 2022); *Courthouse News Serv. v. Price*, No. 1:20cv1260, 2021 WL 5567748, at *6–7 (W.D. Tex. Nov. 29, 2021); *Courthouse News Serv v. N.M. Admin. Office of the Courts*, No. CIV 21-0710, —— F. Supp. 3d ——, —— – ——, 2021 WL 4710644, at *35–37 (D.N.M. Oct. 8, 2021).

More importantly, the Court has further cabined *Younger* since *O'Shea* and *Rizzo.* In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 187 L.Ed.2d 505 (2013), the Court held that *Younger* applies only in three "exceptional" circumstances: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73, 134 S. Ct. 584 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68, 109 S. Ct. 2506, 105 L.Ed.2d 298 (1989)). Lest there be any doubt about whether these circumstances are exhaustive, the Court stated "[w]e

8

> have not applied *Younger* outside these three 'exceptional' categories, and today hold ... that they define *Younger*'s scope." *Id.* at 78, 134 S. Ct. 584.
>
> **This case does not involve state criminal prosecutions or civil enforcement proceedings, thus the first two *Younger* categories can be readily dismissed. As for the third category, no "orders" are at issue here. Plaintiff's allegations target only the clerical processing of complaints. Moreover, as shown above, complaint processing is a ministerial, administrative function, not a practice "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns*, 571 U.S. at 73, 134 S. Ct. 584. This case thus presents none of the "exceptional" *Younger* categories, and unlike the courts in *Brown* and *Gilmer*, this Court will not invoke "general principles of federalism, comity, and equity" to force *Younger* beyond its defined scope. 908 F.3d at 1071.**

*Courthouse News Serv. v. Forman*, No. 4:22cv106-MW/MAF, --- F.Supp.3d ---, 2022 WL 1405907, at *9–10 (N.D. Fla. May 4, 2022) (emphasis added).[14] Defendant's Rule 12(b)(1) motion is appropriately denied.[15]

---

[14] In his merits ruling, Judge Walker briefly readdressed the abstention argument made by the Broward County Clerk. *Courthouse News Serv. v. Forman*, No. 4:22cv106-MW/MAF, --- F.Supp.3d ---, 2022 WL 2105910, at *4 (N.D. Fla. June 10, 2022), *appeal filed sub. nom. Courthouse News Serv. v. Chair of the Fla. E-Filing Auth.*, No. 22-12288 (11th Cir. July 11, 2022). He stated, "this Court remains convinced that abstention is unwarranted." *Id.* "That a case makes a judge's 'federalism senses' tingle is not enough." *Id.*

Review of the district court docket on PACER indicates that Defendant voluntarily dismissed her appeal on September 6, 2022, after the parties settled their dispute. *Courthouse News Serv. v. Forman*, No. 4:22cv106-MW/MAF (Docs. 93–96).

[15] Numerous other district courts have concluded that *Younger* abstention is not warranted. *See, e.g., Courthouse News Serv. v. Omundson*, No. 1:21-cv-00305-DCN, --- F.Supp.3d ---, 2022 WL 1125357, at *7–9 (D. Idaho Apr. 14, 2022); *Courthouse News Serv. v. N.M. Admin. Office of the Courts,* 566 F.Supp.3d 1121, 1166–69 (D.N.M. 2021), *appeal filed*, No. 21-2135 (10th Cir. Oct. 29, 2021); *see also Courthouse News Serv. v. Price*, No. 1:20-cv-1260-LY, 2021 WL 5567748, at *7–10 (W.D. Tex. Nov. 29, 2021), *report and recommendation adopted*, 2021 WL 6276311 (W.D. Tex. Dec. 15, 2021); *Courthouse News Serv. v. Gabel*, No. 2:21-cv-000132, 2021 WL 5416650, at *11–13 (D. Vt. Nov. 19, 2021), *appeal filed*, No. 21-3098 (2d Cir. Dec. 21, 2021).

All told, the Fourth, Seventh, Eighth, and Ninth Circuits have decided the abstention issue; it currently is on appeal in the Second and Tenth Circuits.

**Rule 12(b)(6).**[16] Defendant also (perfunctorily) argues that CNS fails to state a claim upon which relief can be granted. Contrary to references in the Complaint,[17] Defendant submits he has no formal "policy" on when the public (and press) may have access to newly-filed civil complaints. (Doc. 9 PAGEID 51). Rather, as obliged by statute, he follows the Rules of Superintendence for the Courts of Ohio (as adopted by the Supreme Court of Ohio)[18] and the Local Rules of the Hamilton County Court of Common Pleas[19]. (*Id.* (citing Ohio Rev. Code § 2303.26 ("The clerk of the court of common pleas shall exercise the powers conferred and perform the duties enjoined upon the clerk by statute and by the common law; and in the performance of official duties the clerk shall be under the direction of the court. . . ."))). Defendant contends he has no discretion to ignore these Rules and no authority to change them. (*Id.*). Because the Complaint fails to challenge the Rules themselves as unconstitutional, CNS cannot state a First Amendment timely-right-of-access claim.

Defendant's catch-22 argument is unavailing. Because the Rules of Superintendence and the Local Rules are not referred to in the Complaint, they may not

---

[16] Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

[17] *See, e.g.*, (Doc. 1 (¶ 4) ("Defendant in effect seals the new complaints until their news value has diminished or disappeared through his **policy** of 'no-access-before-process'. . . .") (emphasis added)).

[18] Sup. R. 44 (Court Records – Definitions); Sup. R. 45 (Court Records – Public Access).

[19] Loc. R. 34 (Electronic Transmission Filings).

be considered in deciding a Rule 12(b)(6) motion. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (A district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss **so long as they are referred to in the complaint** and are central to the claims contained therein, without converting the motion to one for summary judgment.") (internal quotation and citation omitted) (emphasis added). Further, assuming (for this limited purpose) the Rules in fact underpin Defendant's "no-access-before-process policy", the constitutional question nevertheless remains. Defendant cites no authority for the proposition that a federal district court cannot declare a state (or local) rule-based policy (or practice) in violation of the First Amendment. The Court agrees with CNS that, "[i]f Defendant's position were true, the Constitution would be meaningless. Such an argument is obviously unavailing." (Doc. 10 PAGEID 74). Defendant's Rule 12(b)(6) motion is appropriately denied. *See Courthouse News Serv. v. Quinlan*, 32 F.4th 15 (1st Cir. 2022) (reversing district court's Rule 12(b)(6) dismissal because allegation of a "no-access-before-process" policy plausibly states a First Amendment claim).

III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is hereby **DENIED**.

    **IT IS SO ORDERED.**

    /s/ *Michael R. Barrett*
    Michael R. Barrett, Judge
    United States District Court